IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

DORIS VOH,

    Plaintiff,

v.                                         Case No.: GJH-17-1641

UNITED STATES OF AMERICA,

    Defendant.

## MEMORANDUM OPINION

Plaintiff Doris Voh and her minor children bring this case against the United States of America, pursuant to the Federal Tort Claims Act, 28 U.S.C.A. § 2671, alleging Intentional Infliction of Emotional Distress ("IIED"), Negligence, False Imprisonment, and Violation of Constitutional Rights. This case stems from allegations that agents of the Federal Bureau of Investigation ("FBI") smashed down her front door and led her and her children out of their beds at gunpoint before realizing they had arrived at the wrong house, apologizing and leaving the Voh residence. ECF No. 1 at 3.[1] Now pending before the Court is the United States' Motion to Dismiss, ECF No. 14. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendant's Motion to Dismiss is granted.

### I.    BACKGROUND[2]

At approximately 5:45 AM on September 30, 2015, Plaintiff Doris Voh and her two minor children were suddenly awakened by loud noises and the "smashing of their doors." ECF

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.
[2] Unless otherwise stated, the background facts are taken from Plaintiff's Complaint, ECF No. 1, and are presumed to be true.

No. 1 ¶¶ 6–7. As she left her bedroom, Voh was confronted by "7 to 10 agents of the [FBI] . . . who were armed and had their guns pointing at her." *Id.* ¶ 8. Voh was led out of the house and questioned by the FBI agents, and her children were led by FBI agents to the family's living room. *Id.* ¶¶ 9–11. The agents proceeded to "conduct[] a search" and "ransack[] the personal property of the family." *Id.* ¶ 13. This included "dismantling various items including computers." *Id.* After some time, the agents "realized that they were in the wrong house," "apologized and left Plaintiffs' residence." *Id.* ¶¶ 14–15. The next day, "government agents" came to the Voh residence and repaired their "smashed doors." *Id.* ¶ 15.

Following this incident, Voh's sons "started experiencing sleepless nights and anxiety" and "became too frightened to sleep in their rooms." *Id.* ¶¶ 16–17. Voh took the children to a psychologist who concluded that they "had been traumatized, and were manifesting symptoms of Acute Stress Disorder." *Id.* ¶ 18. The psychologist recommended "psychotherapy" to help them "work through their anxieties." *Id.* ¶ 19. The Vohs could not afford the "expensive psychotherapy sessions," and she and her children have had to "endure[] the pain, suffering and aggravations" of the trauma and stress disorder. *Id.* ¶¶ 20–21.

On June 15, 2017, Voh filed her Complaint against the United States. ECF No. 1. She alleges that the United States is liable for: intentional infliction of emotional distress (Count I), *id.* ¶¶ 22–25; negligence (Count II), *id.* ¶¶ 26–29; false imprisonment (Count III), *id.* ¶¶ 30–34; and violation of her constitutional rights under Article 24 of the Maryland Declaration of Rights (Count IV), *id.* ¶¶ 35–37. Voh seeks $150,000.00 in compensation. *Id.* ¶ 38.

On November 17, 2017, the United States filed a Motion to Dismiss Voh's Complaint, ECF No. 14, arguing that the United States has not waived sovereign immunity for constitutional claims like Count IV, ECF No. 14-1 at 7, and that Voh has not sufficiently pleaded any tort

claims under the Federal Tort Claims Act ("FTCA"), *id.* at 8. On December 6, 2017, Voh responded to the United States' Motion, ECF No. 15, and the United States replied on December 14, 2017, ECF No. 16.

## II. STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.")).

The purpose of Rule 12(b)(6) "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citation and internal quotation marks omitted). When deciding a motion to dismiss under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations and internal quotation marks omitted). The Court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations

3

devoid of any reference to actual events. *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). The FTCA confers jurisdiction on the district courts to hear claims "for . . . personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant . . . ." 28 U.S.C. § 1346(b)(1). The FTCA thus serves as a waiver of the Government's sovereign immunity. *See Welch v. United States*, 409 F.3d 646, 651 (4th Cir. 2005). This means, in effect, that the Government can be held liable for the intentional torts of certain government employees, including assault and battery. *See* 28 U.S.C. § 2680(h) (waiver of sovereign immunity applies to "acts or omissions of investigative or law enforcement officers of the United States Government, . . . arising . . . out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution"). In this regard, courts apply the law of the state where the act or omission occurred. 28 U.S.C. § 1346(b)(1).

## III. DISCUSSION

In their Motion to Dismiss, the United States argues that each of Voh's claims should be dismissed. The United States argues that Voh's first three claims should be dismissed because she has not pleaded that the FBI agents acted with actual malice, and that her fourth claim should be dismissed because the United States has not waived its sovereign immunity against state constitutional claims. The Court addresses these arguments in turn. ECF No. 14-1 at 2.

### A. Tort Claims

The United States argues that Voh's Complaint "fails to plausibly allege actionable common law tort claims under applicable Maryland law," and points out that "[t]he United States is entitled to all defenses available to its individual agents and employees." ECF No. 14-1 at 2 (citing *Medina v. United States*, 259 F.3d 220, 225 n.2 (4th Cir. 2001)). Specifically, the United States argues that in Maryland, a law enforcement officer is liable for a tort claim only where he acts with actual malice towards a plaintiff. *Id.* Voh responds that pleading "gross negligence" is sufficient for her claims, and cites to Maryland Code, Courts and Judicial Proceedings, § 5-522, as "provid[ing] that the immunity of the state is not waived for any tortious act or omission of State personnel if the act involves 'malice' or 'gross negligence.'"[3] ECF No. 15 at 4. Voh further argues that she "clearly pleaded malice or gross negligence" and points to paragraphs 25, 34 and 37 of her Complaint which allege that the FBI agents engaged in "extreme and outrageous conduct" which was "motivated by malice or ill will." *Id.* at 5.

The Fourth Circuit has previously noted that the United States "is entitled to avail itself of any defenses its agents could raise in their individual capacities," including state law defenses provided to law enforcement officers. *Medina*, 259 F.3d at 225 n.2. Additionally, this Court has previously noted that "[i]n Maryland, 'a law enforcement officer is not liable for . . . tortious conduct performed during the course of his official duties unless he acted with actual malice toward the plaintiff.'" *Jeanty v. Hustler*, No. GJH-13-1634, 2016 WL 234814 (D. Md. Jan. 19, 2016) (quoting *Goehring v. United States*, 870 F. Supp. 106, 108 (D. Md. 1994)). *See also Chin v. Wilhelm*, No. CCB-02-1551, 2006 WL 827343 (D. Md. March 24, 2006). "Actual malice," under Maryland law, is defined as "conduct characterized by evil or wrongful motive, intent to injure, knowing and deliberate wrongdoing, ill-will or fraud." *Lee v. Cline*, 863 A.2d 297, 311

---
[3] This excerpt would seem to support the United States' position.

5

(Md. 2004) (internal quotation marks and citations omitted). "Malice is established by proof that the defendant-officer 'intentionally performed an act without legal justification or excuse, but with an evil or rancorous motive influenced by hate, the purpose being to deliberately and willfully injure the plaintiff.'" *Rich v. United States*, 158 F. Supp. 2d 619, 629 (D. Md. 2001) (quoting *Lovelace v. Anderson*, 730 A.2d 774, 788 (Md. Ct. Spec. App. 1999), *rev'd in part on other grounds*, 785 A.2d 726 (Md. 2001)). "The mere assertion that an act 'was done maliciously, or without just cause, or illegally, or with wanton disregard, or recklessly, or for improper motive' is not sufficient." *Manders v. Brown*, 643 A.2d 931, 943 (Md. Ct. Spec. App. 1994) (quoting *Elliott v. Kupferman*, 473 A.2d 960, 969 (Md. Ct. Spec. App. 1984)). Rather, a plaintiff "must allege with some clarity and precision those facts which make the act malicious." *Id.*

Here, assuming all the factual allegations to be true and viewing them in the light most favorable to Voh, the Complaint does not plausibly allege that the FBI agents acted with "actual malice" towards the Vohs. The Complaint does not allege that the FBI agents had ever met the Vohs before this incident, and concedes that the entire incident was a misunderstanding regarding which house the agents were entering. *See* ECF No. 1 ¶ 13. Once they realized they were in the wrong house, the FBI agents left the Vohs' house, apologized and sent other agents to the house the next day to repair the doors. *Id.* ¶ 15. Nothing about this behavior can be construed as indicating actual malice.[4]

Thus, the United States' Motion to Dismiss is granted regarding Counts I–III.

---

[4] Voh argues that "gross negligence" is sufficient to bring a tort claim against a police officer in Maryland. Even under that standard, the Court finds that Voh has not pleaded that the FBI agents acted with "gross negligence." While Voh pleads a "[t]hreadbare recital[]" of gross negligence (*see, e.g.*, ECF No. 1 ¶¶ 23–24), the facts alleged do not indicate that the FBI agents acted with gross negligence. Voh acknowledges that the FBI agents simply arrived in the "wrong house," and she does not allege that it was unreasonable for this to occur. ECF No. 1 ¶ 13.

### B. Constitutional Claim

In Count IV, Voh alleges that "Plaintiffs' civil and constitutional rights were infringed." ECF No. 1 ¶ 37. She specifically argues that the FBI agents "violated the Plaintiffs' rights, freedoms and liberties guaranteed to them under Article 24 of the Maryland Declaration of Rights." *Id.* ¶ 36.

The United States points out that the FTCA "does not extend to claims brought under Maryland's Declaration of Rights." ECF No. 16 at 4. Voh does not deny that the United States has not waived sovereign immunity for state constitutional violations, but argues in her Response to the United States' Motion to Dismiss that Count IV should be construed as alleging a violation of her federal constitutional rights. ECF No. 15 at 4.

The FTCA does not waive the federal government's sovereign immunity regarding state constitutional claims. *See, e.g., Chin v. Wilhelm*, 291 F. Supp. 2d 400, 405 (D. Md. 2003) ("[T]he United States has not waived its sovereign immunity as to state constitutional claims"). With no specific reference to the federal Constitution in Count IV, the Court does not interpret Count IV as raising a federal constitutional claim, and therefore dismisses Count IV. Even if it did infer a federal constitutional claim, however, the Court would still dismiss that claim. Voh sues the United States directly, rather than any of its officers, and seeks damages. ECF No. 1 ¶ 38. A damages remedy against the United States for a federal constitutional violation is not available to plaintiffs, however. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994). *See also Doe v. Chao*, 306 F.3d 170, 184 (4th Cir. 2002) (reasoning that "no damages are available" on plaintiffs' "constitutional claims" brought against the Government and officials in their official capacity).

Thus, the United States' Motion to Dismiss is granted, without prejudice, as to Count IV.[5]

---

[5] While the United States has not waived its sovereign immunity regarding state constitutional claims and Plaintiffs cannot seek a damages remedy against the United States for a federal constitutional violation, Plaintiffs may be able

## IV. CONCLUSION

For the foregoing reasons, the United States' Motion to Dismiss, ECF No. 14, is granted. A separate Order shall issue.

Date: May 2, 2018

_____
GEORGE J. HAZEL
United States District Judge

---

to plausibly plead a *Bivens* claim against the individual FBI officers. *See Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (recognizing cause of action against federal officials for violation of constitutional rights). Thus, the Court dismisses Count IV without prejudice, allowing Plaintiffs the opportunity to amend their Complaint.